UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | DECISION & ORDER |
| v. | 06-CR-6127 |
| JOSEPH TYSON, | |
| Defendant. | |

---

## INTRODUCTION

By Order of the Honorable Michael A. Telesca, United States District Judge, dated July 17, 2006, all pretrial matters in the above-captioned case were referred to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Docket #10.) By an August 29, 2006 Order of Judge Telesca, the case was transferred to the undersigned. The matter is now before this Court on defendant's appeal, filed on September 4, 2007 (Docket # 47), from the Decision and Order ("D & O") filed by Judge Feldman on September 19, 2007 (Docket # 46), "denying Mr. Tyson's request to inspect, in defense counsel's office subject to a protective order, the images of child pornography which the government found on what they allege is Mr. Tyson's computer." (Memorandum of Law for Appeal from the Decision and Order at 1.)

## BACKGROUND

The issue leading to the present application before this Court was very accurately and succinctly summarized by Magistrate Judge Feldman in his September 19, 2007 D & O:

At issue with the instant motion is defense counsel's request to inspect the images of child pornography which the" copies of the seized hard drive which counsel can analyze in the Federal Defender's Office. The government objects to the request as violative of 18 U.S.C. § 3509(m). Instead the government has offered to provide defense counsel access to the computer images in the U.S. Attorney's Office. Defense" for inspection of the images.

D & O. at 2.

## STANDARD OF REVIEW

In pertinent part, 28 U.S.C. § 636(b)(1) directs:

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . to dismiss or quash an indictment . . . made by the defendant, to suppress evidence in a criminal case, . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

## STANDARD OF LAW

Section § 3509(m) of Title 18 provides as follows:

(1) in any criminal proceeding, any property or material that constitutes child pornography (as defined by section 2256 of this title) shall remain in the care, custody, and control of either the Government or the court.

(2)(A) Notwithstanding Rule 16 of the Federal Rules of Criminal Procedure, a court shall deny, in any criminal proceeding, any request by the defendant to copy, photograph, duplicate, or otherwise reproduce any property or material that constitutes child pornography (as defined by section 2256 of this title), so long as the Government makes the property or material reasonably available to the defendant.

(B) For the purposes of subparagraph (A), property or material shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial.

## ANALYSIS

In his D & O, Judge Feldman stated:

In seeking a mirror copy of the hard drive, Tyson relies on *United States v. Knellinger*, 471 F. Supp.2d 640 (E.D. Va. 2007), where the court held that under the facts presented the defense was not afforded an "ample opportunity" to inspect the computer hard drive and accordingly ordered the government to provide a copy of the evidence to the defense subject to a protective order. But the three paragraph application made here (see Docket #36 at ¶ 13-15) is a far cry from the record that was before the court in *Knellinger*. As a court faced with a similar defense application recently explained:

> [In *Knellinger*] the defendant presented four witnesses to testify as to why inspection at a government facility did not provide 'ample opportunity' to inspect, view, and examine the material in that case. Among those witnesses, one testified that, based on the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002), a defendant may pursue a viable defense that the children in the alleged pornography are not real children, but are virtual children or the result of computer-enhanced images not prohibited by law. Id. at 646-47. Such a defense, the attorney testified, made expert analysis "absolutely essential." *Id.* at 647. In addition, two digital video experts testified that analysis at a government facility would significantly increase the cost and effort of the job. *Knellinger*, 471 F. Supp.2d at 647-48. More importantly, both experts testified that transporting their equipment to the government facility would be difficult, expensive, and may cause concerns about the reliability of the equipment after the move. *Id.* Because of the problems in transporting the equipment, including the effect it would have on their ability to perform their jobs, both testified that they "would not agree to work on a case like *Knellinger*' . . ."

*United States v. Battaglia*, 2007 WL 1831108, *5 (N.D. Ohio June 25, 2007).

Unlike *Knellinger*, the record here does not allege any facts to support similar claims, attaches no affidavit from an expert who seeks to test the hard drive or has refused to test the drive at the government facility. The record contains no information on the costs of an examination, does not raise a "virtual children" defense and does not seek an evidentiary hearing to develop the record in support of the application. As noted in *Battaglia*, the lack of such a record makes the defendant's reliance on *Knellinger* ineffectual.

> Indeed, the court in *Knellinger* specifically acknowledged the "ample opportunity" determination "is a factual issue that must be resolved on the record in each case." *United States v. Knellinger*, 471 F. Supp. 2d at 646. The record before me falls short of the required showing.

D & O at 3-4. The defendant objects to Judge Feldman's D & O, now arguing that it

> is clearly erroneous and/or contrary to law because it does not address the constitutional arguments contained in the defense Omnibus Motion. *See* defense Omnibus Motion (Docket Item 19 filed November 30, 2006, ¶¶ 36 through 51). The Decision and Order relies solely on 18 U.S.C. § 3509 (m).

Memorandum of Law for Appeal from the Decision and Order at 2. Essentially, the defendant maintains that § 3509(m) violates his right to due process under the Fifth Amendment, by limiting his access to the computer media relevant to his case and by depriving him of the ability to control equipment and software. However, the Court disagrees both with the defense position, and with the defendant's contention that Judge Feldman failed to address this argument.

As to the later point, Judge Feldman in his D & O, citing *United States v. O'Rourke*, 470 F. Supp. 2d 1049 (D. Ariz. 2007) recognized that "to satisfy the statute, 'the Government must either give the defense team due-process-level access to the hard drive at a Government facility or must give the defense team a copy of the hard drive.' *United States v. O'Rourke*, 470 F. Supp. 2d at 1056." D & O at 3. Then in footnote #2, he explained:

> In *O'Rourke*, the court held that "an 'ample opportunity for inspection, viewing, and examination' would mean a more than adequate opportunity to inspect, view, and examine the evidence in question. Such an opportunity is akin to the due process requirement that a criminal defendant be afforded 'fair opportunity to defend against the State's accusations' and be free from 'arbitrary and disproportionate' restrictions on his right to confront witnesses and present evidence. **The plain meaning of the statutory language thus appears to be consistent with the requirements of due process**." *United*

*States v. O'Rourke*, 470 F. Supp. 2d 1049, 1056 (D. Ariz. 2007) (internal citations omitted).

D & O. at 3. (emphasis added). Since Judge Feldman found that the defendant failed to raise any factual issue as to whether the Government was in compliance with the "reasonable available" requirement of § 3509(m)(2)(A) by failing to provide "ample opportunity for inspection, viewing, and examination at a Government facility of the property or material by the defendant, his or her attorney, and any individual the defendant may seek to qualify to furnish expert testimony at trial," he necessarily found no due process violation. The Court concurs.

## CONCLUSION

Accordingly, the Court finds that Judge Feldman's decision to deny the defendant's request to inspect, in defense counsel's office, subject to a protective order, the images of child pornography which the Government found on what they allege is Mr. Tyson's computer, is neither clearly erroneous nor contrary to law, and the Court, therefore declines to reconsider it.

SO ORDERED.

Dated: Rochester, New York
September 26, 2007

ENTER.

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge